IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RANDELL SIFINSKI, | ) | |
|     Plaintiff, | ) | Civil Action No. 13-65Erie |
| | ) | |
| v. | ) | |
| | ) | |
| SUPERINTENDENT HARLOW, et al, | ) | Magistrate Judge Baxter |
|     Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

It is respectfully recommended that this action be dismissed as legally frivolous in accordance with 28 U.S.C. §1915(e) and the motion for leave to proceed *in forma pauperis* [ECF No. 1] will be dismissed as moot.

**II.    REPORT**

   **A.  Relevant Procedural History**

This civil action was filed in this Court on March 4, 2013. Plaintiff, acting *pro se*, brought this civil rights action alleging that he has suffered from "medical malpractice" during his incarceration at SCI Albion. As Defendants to this action, Plaintiff names: Superintendent Harlow and Medical Director Ms. Overton. Plaintiff seeks leave to proceed *in forma pauperis* in this matter[1]. See ECF No. 1.

In his Complaint, Plaintiff alleges that in March of 2010,

> … the medical staff at SCI Albion informed me that I was having acid reflux. At that time I was sent back to my housing unit and this continued for several days. After a few days of pain do [sic] to this, I had to return back to medical for the

---
[1] Plaintiff's institutional account statement reveals a balance of over $1100.00.

1

> pain. At that time we discovered that the pain was caused due to my appendix had ruptured and was rushed to the local hospital for surgery.

ECF No. 1-1, page 2. As relief, Plaintiff seeks to have Defendants "held liable for any and all pain and suffering [sic] that was caused then and the pain that I am having now. And to cover all my medical bills upon my release." Id. at page 3.

### B. Standards of Review

#### 1) Screening

A district court is required to review a complaint in a civil action in which a plaintiff is proceeding *in forma pauperis* (28 U.S.C. § 1915(e)(2)) or seeks redress against a governmental employee or entity (28 U.S.C. § 1915A). The Court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). This action is subject to *sua sponte* screening for dismissal under both 28 U.S.C. §§ 1915(e)(2) and 1915A because Plaintiff is seeking leave to proceed *in forma pauperis* and is seeking redress from the government.

#### 2) Failure to State a Claim

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) or § 1915A(b)(1) is identical to the legal standard used when ruling on a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999). In reviewing a *pro se* plaintiff's complaint, the court must accept all factual allegations in the complaint as true and take them in the light most favorable to the *pro se* plaintiff. See Erickson v. Pardus, 551 U.S. 89, 93 (2007); Phillips v.

2

County of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008). A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 556 (2007). "Factual allegations must be enough to raise a right to relief above a speculative level." Id. at 555. The court need not accept inferences drawn by the plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Bell Atlantic Corp., 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). Additionally, a civil rights claim "must contain specific allegations of fact which indicate a deprivation of constitutional rights; allegations which are nothing more than broad, simple and conclusory statements are insufficient to state a claim under § 1983." Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 887 (2d Cir. 1987).

Finally, a court must employ less stringent standards when considering *pro se* pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972). When presented with a *pro se* complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged. Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003). Notwithstanding this liberality, *pro se* litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. See, e.g., Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002).

### C. Construing Plaintiff's Claims

Liberally construing Plaintiff's *pro se* pleadings, this Court deduces that Plaintiff seeks to hold Superintendent Harlow and Medical Director Overton responsible for the acts of the

3

unnamed medical staff in allegedly misdiagnosing appendicitis. Although Plaintiff specifically mentions "medical malpractice" and does not mention any federal law, this Court will presume that Plaintiff intends to bring an Eighth Amendment claim against these Defendants since claims of medical malpractice are state law claims. See Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002)(in a § 1983 action, the court must "apply the applicable law, irrespective of whether the pro se litigant has mentioned it by name."); Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) ("Since this is a § 1983 action, the [pro se] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution.").

### D. Deliberate indifference

In the medical context, a constitutional violation under the Eighth Amendment occurs only when prison officials are deliberately indifferent to serious medical needs. Estelle v. Gamble, 429 U.S. 97 (1976). The standard is two-pronged, "[i]t requires deliberate indifference on the part of prison officials and it requires that the prisoner's medical needs be serious." West v. Keve, 571 F.2d 158, 161 (3d Cir. 1978). A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Monmouth County Corr'al. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987). A serious medical need may also arise "... when a delay in or denial of requested medical treatment causes an inmate to suffer a lifelong handicap or permanent loss." Peterson v. Achebe, 2007 WL 1381753, at *3 (D.N.J. 2007) citing Lanzaro, 834 F.2d at 347.

Deliberate indifference to a serious medical need involves the "unnecessary and wanton infliction of pain." Estelle, 429 U.S. at 104. Such indifference is manifested by an intentional

refusal to provide care, delayed medical treatment for non-medical reasons, denial of prescribed medical treatment, a denial of reasonable requests for treatment that results in suffering or risk of injury, Durmer v. O'Carroll, 991 F.2d 34, 38 (3d Cir. 1993), or "persistent conduct in the face of resultant pain and risk of permanent injury," White v. Napoleon, 987 F.2d 103, 109 (3d Cir. 1990).

However, mere misdiagnosis or negligent treatment is not actionable under § 1983 as an Eighth Amendment claim because medical malpractice is not a constitutional violation. Estelle, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). "Neglect, carelessness or malpractice is more properly the subject of a tort action in the state courts." Hampton v. Holmesburg Prison Officials, 546 F.2d 1077, 1081 (3d Cir. 1976). See also White, 897 F.2d at 108 ("mere medical malpractice cannot give rise to a violation of the Eighth Amendment."). "While the distinction between deliberate indifference and malpractice can be subtle, it is well established that so long as a physician exercises professional judgment, his behavior will not violate a prisoner's constitutional rights." Brown v. Borough of Chambersburg, 903 F.2d 274, 278 (3d Cir. 1990) citing Youngberg v. Romeo, 457 U.S. 307, 322-23 (1982). Deliberate indifference is generally not found when some level of medical care has been offered to the inmate. Clark v. Doe, 2000 WL 1522855, at *2 (E.D. Pa. 2000) ("courts have consistently rejected Eighth Amendment claims where an inmate has received some level of medical care"). There is necessarily a distinction between a case in which the prisoner claims a complete denial of medical treatment and one where the prisoner has received some medical attention and the dispute is over the adequacy of the treatment. United States ex rel. Walker v. Fayette County, 599 F .2d 533, 575 n. 2 (3d Cir.1979).

Plaintiff has not made any allegation to factually support the personal involvement and/or acquiescence of these Defendants in the allegedly inadequate medical care.[2]  Even if Plaintiff could factually support the personal involvement of Harlow and Overton, he has failed to state a claim upon which relief may be granted.  Non-medical prison officials, such as Defendants Superintendent Harlow and Medical Director Overton, cannot be

> considered deliberately indifferent simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor. [ ... ] If a prisoner is under the care of medical experts, a nonmedical prison official will generally be justified in believing that the prisoner is in capable hands.
>
> Absent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official [ ... ] will not be chargeable with [ ... ] deliberate indifference [under the Eighth Amendment].

Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004) quoting Durmer, 991 F.2d at 69.  See also Foreman v. Bureau of Prisons, 2007 WL 108457, at *5 (3d Cir.).  In other words, a non-medical supervisory official may be held liable if there was "knowledge of malicious' and sadistic' medical mistreatment."  Henderson v. Bussanich, 2006 WL 3761998, at *7 (M.D.Pa.), interpreting Spruill, 372 F.3d at 236–237.

---

[2]  When a supervisory official is sued in a civil rights action, liability can only be imposed if that official played an "affirmative part" in the complained-of misconduct.  Chinchello v. Fenton, 805 F.2d 126, 133 (3d Cir. 1986).   Although a supervisor cannot encourage constitutional violations, a supervisor has "no affirmative constitutional duty to train, supervise or discipline so as to prevent such conduct."  Id. quoting Brown v. Grabowski, 922 F.2d 1097, 1120 (3d Cir. 1990), cert. denied, 501 U.S. 1218 (1991).  The supervisor must be personally involved in the alleged misconduct.  Rode v. Dellarciprete, 845 F.2d 1958, 1207 (3d Cir. 1988).  "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence."  Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) quoting Rode, 845 F.2d at 1207).  Section 1983 liability cannot be predicated solely on *respondeat superior*.  Rizzo v. Goode, 423 U.S. 362 (1976); see also Monell v. Dep't of Social Services, 436 U.S. 658 (1978).

In his capacity as the Superintendent, Defendant Harlow is not deliberately indifferent if he failed to respond to Plaintiff's medical complaints while he was under the care of medical professionals. See Spruill, 37 F.3d at 256. Furthermore, in her capacity as the Health Care Administrator[3] or Medical Director, Defendant Overton is not deliberately indifferent if she failed to respond to Plaintiff's medical complaints while he was under the care of medical professionals. See Spruill, 37 F.3d at 256. Harlow's and Overton's reliance on the opinion of medical professionals (even if Plaintiff grieved the alleged inadequacies in his medical treatment) does not legally indicate that they possessed "knowledge of malicious or sadistic medical mistreatment" so as to impose liability upon them. See Henderson, 2006 WL 3761998. Accordingly, the claims against Defendants Harlow and Overton should be dismissed.

### E. Futility of Amendment

Before dismissing a complaint for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, a court must grant the plaintiff leave to amend his complaint, unless amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

In the present case, allowing such an amendment would be futile for several reasons. First, Plaintiff's claims sound in malpractice and do not rise to the level of a constitutional violation for purposes of jurisdiction within the federal courts. Hampton, 546 F.2d at 1081 ("Neglect, carelessness or malpractice is more properly the subject of a tort action in the state

---

[3] Further, it is the not responsibility of the Health Services Administrator to order the medical treatments sought by inmates. The responsibilities of the Health Services Administrator include managing the Health and Dental Departments of the prison, overseeing nursing staff, and overseeing independent contractors, such as PHS, Inc. See Josey v. Beard, 2009 WL 1858250 (W.D. Pa.).

7

courts."). Plaintiff's own complaint reveals that he received medical treatment for his complaints of pain. It is the treatment he received to which he objects.

Furthermore, Plaintiff's claims occurred almost three years ago. As such, they are barred by the two-year statute of limitations.[4]

III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that this action be dismissed as legally frivolous in accordance with 28 U.S.C. §1915(e) and the motion for leave to proceed *in forma pauperis* [ECF No. 1] will be dismissed as moot.

In accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation within fourteen (14) days of the filing of this Report and Recommendation. Failure to file timely objections may constitute a waiver of appellate rights. See Brightwell v. Lehman, 637 F.3d 187, 194 n.7 (3d Cir. 2011); Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: March 20, 2013

---

[4] The federal civil rights laws do not contain a specific statute of limitations for § 1983 actions. However, it is well established that the federal courts must look to the relevant state statute of limitations for personal injury claims. Samerica Corp., Del., Inc. v. City of Philadelphia, 142 F.3d 582 (3d Cir. 1998) (internal citations omitted). Thus, based on Pennsylvania's applicable statute of limitations, generally a § 1983 claim must be filed no later than two years from the date of the alleged violation. See Urrutia v. Harrisburg County Police Dept., 91 F.3d 451 (3d Cir. (Pa.) 1996); McCreary v. Redevelopment Authority of The City of Erie, 2011 WL 1848333, at *2 (3d Cir. 2011) citing Kach v. Hose, 589 F.3d 626, 634 (3d Cir. 2009).

8